IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Carlos Lugo, | ) | Case No. 2:19-cv-2995-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| The Boeing Company, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant the Boeing Company's Motion to Dismiss. (Dkt. No. 4). For the reasons set forth below, Defendant's Motion to Dismiss is granted and Plaintiff Carlos Lugo's Complaint is dismissed.

**I.  Background**

Plaintiff was employed by Defendant from July 16, 2010 through November 29, 2018 as a "FRTI." (Dkt. No. 1-1 ¶¶ 7, 35). "As part of the Plaintiff's position as an FRTI the Plaintiff was required to . . . walk around and visually inspect [planes that had just landed] . . . for bird strikes and other damage to the fuselage of the airplane . . . ." (*Id.* ¶ 21). In 2013, Plaintiff attended multiple company meetings and "had discussions where managers and supervisors encouraged the Plaintiff and other employees to vote no to the union." (*Id.* ¶ 14). During this "first campaign" on the "election to vote in a union," Plaintiff "did not wear union gear" and was "not involved in the vote." (*Id.*). In January 2018, Plaintiff was informed that "there was going to be another union vote." (*Id.* ¶ 15). Plaintiff attended a meeting where labor representatives from the Defendant and lawyers for Defendant were present and encouraged "the employees to vote no to the union." (*Id.* ¶ 16). Plaintiff, a union supporter, did not wear union gear, but delivered remarks supporting the union. (*Id.* ¶¶ 16, 17, 20). "The Labor rep and lawyer [for Defendant] had no response to the

Plaintiff['s]" remarks. (*Id.* ¶ 16). At a subsequent meeting, Plaintiff delivered the identical remarks. (*Id.* ¶ 19). The "Boeing Executive" who led this second meeting did "not respond." (*Id.*).

On October 10, 2018 Plaintiff performed a bird strike inspection on Airplane 731. (*Id.* ¶ 23). Though unclear, it appears Plaintiff alleges that on October 9, 2019, the "day before the inspection Boeing . . . removed all flashlights from the line," making Plaintiff's work more difficult. (*Id.*) Plaintiff did not find any issues with Airplane 731. (*Id.*). On November 6, 2018, however, an HR Representative told Plaintiff he was being suspended due to "an open investigation into a bird strike" on Airplane 731. (*Id.* ¶ 29). On November 13, 2018, an investigator from Boeing called Plaintiff to discuss the alleged bird strike and, on November 29, 2018, Plaintiff was terminated for negligence in the performance of his duties. (*Id.* ¶¶ 33, 35).

Plaintiff filed this action in state court on September 20, 2019. (Dkt. No. 1-1). Plaintiff brought three causes of action: wrongful termination in violation of public policy, slander, and negligent supervision. Defendant was served on October 16, 2019 and removed this action on October 22, 2019. (Dkt. No. 1). On January 2, 2020, the Court denied Plaintiff's October 29, 2019 motion to remand. (Dkt. Nos. 5, 9). Defendant filed its Motion to Dismiss on October 29, 2019 and Plaintiff opposes. (Dkt. Nos. 4, 7, 8).

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citations

omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship.*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

Absent a specific contract, employment in South Carolina is at-will. *Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 309 (2010); *see also Taghivand v. Rite Aid Corp.*, 411 S.C 240, 243 (2015). "An at-will employee may be terminated at any time for any reason or for no reason, with or without cause." *Mathis*, 389 S.C. at 310. "Under the 'public policy exception' to the at-will employment doctrine, however, an at-will employee has a cause of action in tort for wrongful termination where there is a retaliatory termination of the at-will employee in violation of a clear mandate of public policy." *Barron v. Labor Finders of S.C.*, 393 S.C. 609, 614 (2011). "The public policy exception does not, however, extend to situations where the employee has an existing statutory remedy for wrongful termination." *Id.* at 615; *Dockins v. Ingles Markets, Inc.*, 306 S.C.

496, 497-98 (1992) (employee allegedly terminated in retaliation for filing complaint under Fair Labor Standards Act had existing statutory remedy for wrongful termination). The public policy exception "is not designed to overlap an employee's statutory or contractual rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy *where no other reasonable means of redress exists.*" *Stiles v. Am. Gen. Life Ins. Co.*, 335 S.C. 222, 228 (1999) (emphasis supplied).

As this Court has held before, a clear statutory remedy exists for "whistleblowers who inform their employers or the federal government about violations of federal laws relating to air carrier safety." *Hobek v. Boeing Co.*, No. 2:16-CV-3840-RMG-MGB, 2017 WL 9250342, at *2 (D.S.C. June 8, 2017), *report and recommendation adopted*, 2017 WL 3085856 (D.S.C. July 20, 2017). That statutory remedy is the Wendall H. Ford Air and Investment Reform Act for the 21st Century ("AIR21"), 49 U.S.C. § 42121. *Id.* AIR21 provides:

> **(a) Discrimination against airline employees.**--No air carrier[1] or contractor or subcontractor of an air carrier may discharge an employee or otherwise discriminate against an employee with respect to compensation, terms, conditions, or privileges of employment because the employee (or any person acting pursuant to a request of the employee)--
>
> (1) **provided**, caused to be provided, or is about to provide (with any knowledge of the employer) or cause to be provided **to the employer** or Federal Government **information relating to any violation or alleged violation of any order, regulation, or standard of the Federal Aviation Administration or any other provision of Federal law relating to air carrier safety under this subtitle** or **any other law of the United States . . . .**

49 U.S.C. § 42121.

A statutory remedy also exists for individuals who allege "unfair labor practice charges such as discharge for union activity or anti-union animus." *Scott v. Wackenhut Services, Inc.*, No.

---

[1] "'[A]ir carrier' means a citizen of the United States undertaking by any means, directly or indirectly, to provide air transportation." 49 U.S.C. § 40102(a)(2).

-4-

1:08-3863, 2010 WL 1254866, at *3 (D.S.C. Mar. 1, 2020), *report and recommendation adopted*, 2010 WL 1254860 (D.S.C. Mar. 23, 2010). The National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.* establishes that the National Labor Relations Board ("NLRB") has "the exclusive original jurisdiction" over allegations of "wrongful termination based on . . . union activities." *Id.* (citing *San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 242–45 (1959) (exclusive jurisdiction rests with the NLRB for disputes that are arguably subject to § 7 or § 8 of the NLRA))[2]; *Papa v. Truland Sys. Corp.*, 162 F.3d 1155 (4th Cir. 1998) (affirming dismissal of wrongful termination and defamation claims as preempted by NLRA where "the real reason for [Plaintiff's] termination was" his "engaging in labor activities.").

Plaintiff alleges he was wrongfully terminated for his "*safety* complaints regarding lighting, failure for more stringent walk throughs, tool accountability and his involvement in the union." (Dkt. No. 1-1 ¶¶ 37, 39, 42, 43, 49, 56) (emphasis supplied). To the extent Plaintiff's complaint concerns his wrongful termination for reporting safety conditions that violated, *inter alia*, Federal Aviation Administration regulations, Plaintiff has an existing statutory remedy, AIR21. *Hobek*, 2017 WL 9250342, at *4. "[T]he plain language of . . . AIR21 provides a statutory remedy for individuals who were retaliated against for providing information to their employer that related to any violation or alleged violation of any order, regulation, or standard of the Federal Aviation Administration or any other provision of Federal law relating to air carrier safety under

---

[2] "Section 7 of the NLRA guarantees employees not only the 'right to self-organization, to form, join, or assist labor organizations, [and] to bargain collectively,' but also the right 'to engage in other concerted activities for the purpose of ... mutual aid or protection.' 29 U.S.C.A. § 157. Section 8(a)(1) implements these guarantees by making it an unfair labor practice for an employer to 'interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157[.]' 29 U.S.C.A. § 158(a)(1). Section 8(a)(3) makes it an unfair labor practice to discriminate 'in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization ...'" *Scott*, 2010 WL 1254866, at *3 & n.5.

this subtitle or any other law of the United States." *Id.*; (Dkt. No. 1-1 ¶ 56) (noting "Defendants published false statements regarding the Plaintiff's . . . alleged failure . . . to report a bird strike[,] *[a] FAA violation and against the law*.") (emphasis supplied).³ To the extent Plaintiff alleges his wrongful termination claim is based on his union support, exclusive jurisdiction lies with the NLRB. *Scott*, 2010 WL 1254866, at *4. Because Plaintiff has existing statutory remedies, the South Carolina public policy exception does not apply, and Plaintiff's wrongful termination claim must be dismissed.⁴

Plaintiff next alleges Defendant slandered him by publishing "false statements regarding the Plaintiff's work performance." (Dkt. No. 1-1 ¶ 56). Plaintiff alleges Defendant published "internal and external memoranda regarding the Plaintiff's involvement in the alleged bird strike and the union" in order to "have an escape [sic] goat" and "strike fear into the hearts of others that had made safety complaints and joined the union." (*Id.* ¶¶ 57, 59). "Under South Carolina law, to [state a claim for] defamation a plaintiff must show (1) a false and defamatory statement was made; (2) the unprivileged communication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Campbell v. International Paper Co.*, No. 3:12-cv-3042, 2013

---

³ Plaintiff argues AIR21 does not apply to him because "Plaintiff must have engaged in protected activity under AIR21 not merely done his job." (Dkt. No. 7 at 18). As AIR21 was specifically enacted to protect "whistleblowers," like Plaintiff, "who inform their employers . . . about violations of federal laws relating to air carrier safety," Plaintiff's argument is wrong and directly contradicted by the plain language of AIR21. *See Bombardier, Inc. v. United States. Dep't. Of Labor*, 145 F. Supp. 3d 21, 25 (D.D.C. 2015); *Hobek*, 2017 9250342, at *4.

⁴ Plaintiff contends in Opposition that such a conclusion would be "an error in the interpretation of the law as AIR21 [and presumably the NLRA] [are] defense[s] that may not be properly determined through a 12(b)(6) motion. . . . [S]crutiny of facts is required, therefore discovery must be completed prior to the Defense under AIR21." (*See* Dkt. No. 7 at 17). Plaintiff is incorrect. The cases cited herein demonstrate that, assuming all Plaintiff's facts to be true, as a *matter of substantive law*, Plaintiff is not entitled to relief. *See, e.g., Hobek*, 2017 9250342, at *4.

WL 1874850, at *3 (D.S.C. May 3, 2013) (citing *Argoe v. Three Rivers Behavioral Health, LLC*, 392 S.C. 462, 474 (2011)); *see also English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, 1999 WL 89125, at *3 (4th Cir. Feb.23, 1999) (recognizing in dicta that, in order to plead defamation, a plaintiff "should allege specific defamatory comments [including] 'the time, place, content, and listener of the alleged defamatory matter'" (quoting *Caudle v. Thomason*, 942 F.Supp. 635, 638 (D.D.C.1996))). Here, Plaintiff has not pled with particularity the second element of defamation, that the communications at issue were "made to a third party." "Nowhere in the complaint is it alleged to whom [Defendant] made the statements at issue." *Campbell*, 2013 WL 1874850, at *3 (dismissing a slander claim where plaintiff alleged only that defendant made the defamatory statement "publicly known" to "countless others"). As pled, Plaintiff's allegation that Defendant made the offending statements to third parties is conclusory. "A pleading that merely offers . . . 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). As Plaintiff has not adequately pled the second element of slander, Plaintiff's slander claim is dismissed.

Lastly, Plaintiff alleges Defendant negligently supervised its employees because "Boeing was aware there was no bird strike but allowed its employees to lie about the Plaintiff's involvement." (Dkt. No. 1-1 ¶ 65). Defendant contends that the South Carolina Workers' Compensation Act ("the Act") preempts this claim. The Act provides:

> The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee ... as against his employer, at common law or otherwise, on account of such injury, loss of service or death . . . .

S.C. Code Ann. § 42-1-540. "Every employer and employee . . . shall be presumed to have accepted the provisions of the [Act] respectively to pay and accept compensation for personal injury . . . arising out of and in the course of the employment and shall be bound thereby." § 42-1-

310. A "personal injury" is "an injury by accident arising out of and in the course of employment." § 42-1-160(A). Further, "the Supreme Court of South Carolina has stated that the only exceptions to the Act's exclusivity provisions are: (1) where the injury results from the act of a subcontractor who is not the injured person's direct employer; (2) where the injury is not accidental but rather results from the intentional act of the employer or its alter ego; (3) where the tort is slander and the injury is to reputation; or (4) where the Act specifically excludes certain occupations." *Kerr v. Hammond School*, No. 3:17-3109, 2018 WL 3132409, at *2 (D.S.C. Feb. 22, 2018).

Because Plaintiff's negligent supervision claim clearly arises out of and in the course of his employment with Defendant, and as "[b]oth federal and state courts in South Carolina have" held the Act "preempt[s]" "negligent hiring and supervision" claims, Plaintiff's negligent supervision claim is dismissed. *See, e.g., Kerr,* 2018 WL 3132409, at *2 (string citing cases on point); *Taylor v. Science Applications Int'l Corp.*, No. 2:12–cv–0659–RMG–BM, 2012 WL 5301333 (D.S.C. Oct. 25, 2012) (adopting recommendation of Magistrate Judge and dismissing claim for negligent supervision based on the Act's exclusivity provision); *Whicker v. Science Applications Int'l Corp.*, No. 2:11–3193–SB–BHH, 2012 WL 4983864 (D.S.C. Sept. 20, 2012) (recommending dismissal of claim for negligent supervision based on the Act's exclusivity provision), *report and recommendation adopted*, 2012 WL 4982634 (D.S.C. Oct. 17, 2012); *Crawford v. Limehouse & Sons, Inc.*, No. 2:10–2094–CWH–BM, 2010 WL 5136213 (D.S.C. Nov. 10, 2010), *report and recommendation adopted*, 2010 WL 5140035 (D.S.C. Dec. 10, 2010) (same); *Sabb v. S.C. State Univ.*, 567 S.E.2d 231, 234 (S.C. 2002) (holding plaintiff's claims against employer for negligent supervision and retention of a co-employee were covered by the Act).

## IV. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss (Dkt. No. 4) is **GRANTED**. Plaintiff's Complaint is dismissed.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 30, 2020
Charleston, South Carolina